UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 800 S. WELLS COMMERCIAL, LLC, <br><br>    Appellant, <br><br>    v. <br><br> WRT MARC RC, LLC, et al., <br><br>    Appellees. | No. 07 C 4010 <br> Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

800 S. Wells Commercial, LLC ("Debtor") moves for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005. For the reasons that follow, Debtor's motion is denied.

**I.    BACKGROUND**

Debtor is a single asset real estate entity. *See* Bankruptcy Court's May 2, 2007 decision (Docket 141). Its sole asset is the long-term leasehold interest in certain real property located at 800 South Wells Street, Chicago, Illinois ("Property"). On June 1, 2007, the Bankruptcy Court entered an order lifting the automatic stay and permitting WRT Marc ("WRT")—the holder of a leasehold mortgage against the ground lease—to proceed with a foreclosure and sale of the Property ("Lift Stay Order"). Debtor appeals this order and two others: (1) the Bankruptcy Court's June 1, 2007 order granting the motion for a more definite statement ("Clarification Order"); and (2) the Bankruptcy Court's June 19, 2007 order denying the Debtor's motion for reconsideration ("Reconsideration Order").

**II.     DISCUSSION**

*A.     Standard of Review*

I review the Bankruptcy Court's findings of fact for clear error and review its conclusions of law *de novo*. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004); *see also* FED. R. BANKR. P. 8013.

*B.     Stays Pending Appeal*

The Seventh Circuit has set forth the four factors courts are to consider when assessing a motion for stay pending appeal. *See In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997). The four factors are: "1) whether the appellant is likely to succeed on the merits of the appeal; 2) whether the appellant will suffer irreparable injury absent a stay; 3) whether a stay would substantially harm other parties in the litigation; and 4) whether a stay is in the public interest." *Id*. (citations omitted).

1. Debtor is Unlikely to Succeed on the Merits

Debtor fails to make a strong showing that it is likely to succeed on the merits. As noted above, Debtor is a single asset real estate entity. As a result, Debtor is subject to the requirements of 11 U.S.C. § 362(d)(3). That section states that:

> (d) On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later-

>> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>> (B) the debtor has commenced monthly payments that-
>>> (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate . . . .

11 U.S.C. § 362(d)(3) (emphasis added).

In her June 1, 2007 Lift Stay Order, Judge Cox determined that "Debtor has not met its burden under section 362(d)(3)." She based this conclusion upon two findings. First, she found that "there is no reasonable possibility that the Debtor's proposed Plan would be confirmed within a reasonable time." In addition, she found that "it is evident that the Debtor des not possess the money necessary to make monthly interest payments . . . to WRT." Because I do not find that the Bankruptcy Court committed clear error in making these factual findings, I will not disturb them.

Upon accepting the Bankruptcy Court's factual findings, it becomes clear that Debtor fails to demonstrate a reasonable possibility of prevailing on appeal. As noted above, the Bankruptcy Code dictates that the bankruptcy court *shall* grant relief from the stay in a single asset case when the debtor fails to either (a) file a plan of reorganization that has a reasonable possibility of being confirmed; or (b) commence payments in accordance with the requirements

of that section. *See* 11 U.S.C. § 362(d)(3). Since Debtor has done neither of these things,[1] the Bankruptcy Court correctly applied the statute and justifiably granted WRT's motion to lift the automatic stay. There is no reasonable likelihood that this decision will be overturned on appeal.

In light of Debtor's failure to establish any reasonable likelihood that the Bankruptcy Court's decision will be disturbed, it is unlikely that the outcome of the other three factors will rescue Debtor's motion. *See In re Polaroid Corp.*, No. 02-1353, 2004 WL 253477, at *1 (D. Del. Feb. 9, 2004) ("If a party fails to establish one of the four prongs, a court may deny the requested stay.").

### 2. It is not Clear That Debtor Will Suffer Irreparable Injury

It is not clear that Debtor will suffer irreparable injury if the stay pending appeal is not granted. It is true, that absent the issuance of the stay, WRT will proceed with the foreclosure sale on July 24. This, unquestionably, will end any chance Debtor may have had of achieving a successful reorganization. That said, it is not at all clear that Debtor will *ever* be able to successfully reorganize, nor is it clear whether Debtor has any equity in the Property. Because it is unclear whether Debtor will suffer irreparable injury if the relief it requests is not granted, this factor fails to militate in favor of imposing the stay.

---

[1] While Debtor argues that the Bankruptcy Court's Clarification Order "prohibited the Debtor from making the interest payments," this is patently NOT what the Clarification Order says. Clearly, the Clarification Order—based on Judge Cox's determination that Debtor was unable to make monthly interest payments—merely refuses to order Debtor's receiver to make those payments. Without question, there is a marked difference between an order prohibiting an entity from doing something and an order refusing to direct an entity to do something.

### 3. A Stay Would Harm WRT

Preventing WRT from asserting its foreclosure rights under state law imposes financial harms on WRT. Because Debtor is not making any payments to WRT, and because WRT continues to accrue interest and incur fees, further delaying the impending foreclosure sale will adversely affect WRT's interests.

### 4. The Public Interest is Not Affected

Neither imposing a stay pending appeal, nor failing to impose such a stay will materially affect the public interest.

## III. CONCLUSION

I have considered the four factors set forth in *In re Forty-Eight Insulations, Inc.* and—particularly because Debtor is unlikely to prevail on the merits of its appeal—I decline to impose a stay pending appeal.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: Jul 23, 2007